UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA, CENTRAL DIVISION

| | |
|---|---|
| **EUGENE SCALIA**, Secretary of Labor, United States Department of Labor, <br><br>                Plaintiff, <br><br>v. <br><br>**BEN SHINN TRUCKING, INC.;** <br>**ROGER SHINN, an individual, and the** <br>**SHINN 401(k) RETIREMENT PLAN;** <br><br>                Defendants. | CIVIL ACTION <br><br> Case No. 4:19-CV-372 |

## COMPLAINT

Plaintiff, EUGENE SCALIA, Secretary of Labor, United States Department of Labor ("Secretary"), alleges:

### JURISDICTION AND VENUE

1. This cause of action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001, et seq., and is brought by the Secretary under ERISA § 502(a)(2) and (5), 29 U.S.C. § 1132(a)(2) and (5), to enjoin acts and practices which violate the provisions of Title I of ERISA, to obtain appropriate relief for breaches of fiduciary duty under ERISA § 409, 29 U.S.C. § 1109, and to obtain such further equitable relief as may be appropriate to redress violations and to enforce the provisions of Title I of ERISA.

2. This court has jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

3. The Shinn 401(k) Retirement Plan ("Plan") is an employee benefit plan within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3), which is subject to the provisions of Title I of ERISA, pursuant to ERISA § 4(a), 29 U.S.C. § 1003(a).

1

4. Venue of this action lies in District Court for the Southern District of Iowa, Central Division, pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because the Plan was administered in Eddyville, Iowa, within this district.

## DEFENDANTS

5. The Plan was sponsored by Ben Shinn Trucking, Inc. (the "Company" or "Shinn Trucking"), which was incorporated in the state of Iowa effective on January 1, 1981.

6. The Plan was established in 1994 as a defined contribution plan that allows employees to make voluntary salary deferral contributions through payroll withholdings.

7. The Plan is named as a defendant herein pursuant to Federal Rule of Civil Procedure Rule 19(a) solely to assure that complete relief can be granted.

8. From at least November 8, 2013 through the present date, Defendant Shinn Trucking was Plan Sponsor and Plan Administrator for the Plan; was a fiduciary of the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A); and was a party in interest to the Plan within the meaning of ERISA § 3(14)(A) and (C), 29 U.S.C. § 1002(14)(A) and (C).

9. From at least November 8, 2013 through the present date, Defendant Roger Shinn ("Defendant Shinn") was the President and owner of Shinn Trucking; was a trustee of the Plan; was a fiduciary of the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A); and was a party in interest to the Plan within the meaning of ERISA § 3(14)(A), (E) and (H), 29 U.S.C. § 1002(14)(A), (E) and (H).

10. Defendant Shinn exercised discretionary authority and control respecting the management and disposition of the Plan's assets and was a fiduciary of the Plan, within the meaning of ERISA § 3(21)(A)(i) and (iii), 29 U.S.C. § 1002(21)(A)(i) and (iii); he was also a party in interest to the Plan, within the meaning of ERISA § 3(14)(A) and (H), 29 U.S.C.

§ 1002(14)(A) and (H).  Upon information and belief, Defendant Shinn controlled the Company's assets, including the Plan assets that were commingled with the Company's accounts.  Defendant Shinn also executed a Fiduciary Certification of Investment Powers with the Plan's broker-dealer on June 29, 2016.

## COUNT I

### (Failure To Remit Employee Salary Deferral Contributions And Participant Loan Repayments To The Plan)

11. Paragraphs 1 through 10 above are re-alleged and incorporated herein.

12. The Plan's governing documents provided in pertinent part that participants could make pre-tax contributions to the Plan from their compensation.

13. The Plan's governing documents provided that its participants could obtain participant loans from their individual Plan accounts.

14. From November 8, 2013 through December 23, 2016, Defendant Shinn Trucking withheld $12,156.12 from its employees' pay as salary deferral contributions and participant loan repayments intended for the Plan. Defendant Shinn Trucking retained the withheld employee salary deferral contributions and participant loan repayments in its bank account, never remitted them to the Plan, and used them to pay Shinn Trucking expenses.

15. From at least November 8, 2013 through December 23, 2016, Defendant Shinn exercised authority and control over whether Shinn Trucking remitted withheld employee salary deferral contributions and loan repayments to the Plan.

16. As Trustee to the Plan, Defendant Shinn failed to ensure that the employees' salary deferral contributions and participant loan repayments to the Plan were remitted to the Plan.

17. Based on the facts described in paragraphs 11 through 15 above, Defendants

Shinn Trucking and Shinn:

      A.    failed to hold all assets of the Plan in trust in violation of ERISA § 403(a), 11 U.S.C. § 1103(a);

      B.    permitted the Plan's assets to inure to the benefit of the employer and failed to hold them for the exclusive purpose of providing benefits to Plan participants and their beneficiaries and defraying reasonable expenses of Plan administration in violation of ERISA § 403(c)(1), 29 U.S.C. § 1103(c)(1);

      C.    failed to act solely in the interest of Plan participants and their beneficiaries and for the exclusive purpose of providing benefits to Plan participants and their beneficiaries and defraying reasonable expenses of the Plan administration, in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A);

      D.    failed to discharge their duties with respect to the Plan with the requisite degree of care, skill and prudence, and diligence under the circumstances then prevailing, which prudent person acting in like capacity and familiar with such matters would use the conduct of an enterprise of like character and with like aims, in violation of § 404(a)(1)(B) of ERISA, 29 U.S.C. § 1104(a)(1)(B);

      E.    failed to discharge their duties with respect to the Plan in accordance with the documents and instruments governing the plan, insofar as such documents and instruments are consistent with ERISA, in violation of ERISA § 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D);

      F.    caused the Plan to engage in transactions which they knew or should have known constituted a direct or indirect transfer to, or use by or for the benefit of, a party in interest, of assets of the Plan, in violation of ERISA § 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D);

      G.    dealt with assets of the Plan in their own interest in violation of ERISA

§ 406(b)(1), 29 U.S.C. § 1106(b)(1); and

        H.    acted on behalf of a party whose interests are adverse to the interests of the Plan or the interests of its participants and beneficiaries, in violation of ERISA § 406(b)(2), 29 U.S.C. § 1106(b)(2).

18.    As a direct and proximate result of Defendants Shinn Trucking and Shinn's fiduciary breaches, the Plan suffered injury and losses for which they are personally liable and subject to appropriate equitable relief, pursuant to ERISA § 409, 29 U.S.C. §1109.

## COUNT II

**(Failure To Remit Employee Salary Deferral Contributions And Participant Loan Repayments To The Plan In A Timely Manner)**

19.    Paragraphs 1 through 10 above are re-alleged and incorporated herein.

20.    From pay periods ending November 8, 2013 through July 27, 2018, Defendant Shinn Trucking withheld at least $517,914.57 in employee salary deferral contributions and participant loan repayments from employees' paychecks for contribution to the Plan.

21.    In accordance with 29 C.F.R. § 2510.3-102, participant contributions and participant loan repayments were required to be forwarded to the Plan on the earliest date on which such contributions could reasonably be segregated from the employer's general assets. Upon information and belief, the Company's payroll processes and remittance history were such that the participant contributions could reasonably be segregated and forwarded to the Plan within at least seven (7) business days of each pay date.

22.    From pay periods ending November 8, 2013 through July 27, 2018, Defendant Shinn Trucking failed to remit $465,296.76 in employee salary deferral contributions and participant loan repayments to the Plan in a timely manner and retained those amounts in its corporate bank account until they were remitted.

23. From November 8, 2013 through July 27, 2018, Defendant Shinn exercised authority and control over whether Shinn Trucking remitted the $465,296.76 in employee salary deferral contributions and participant loan repayments to the Plan in a timely manner.

24. As Trustee to the Plan, Defendant Shinn failed to ensure that the salary deferral contributions and participant loan repayments were timely remitted to the Plan.

25. Based on the facts described in paragraphs 18 through 23 above, Defendants Shinn Trucking and Shinn:

    A. failed to hold all assets of the Plan in trust in violation of ERISA § 403(a), 11 U.S.C. § 1103(a);

    B. permitted the Plan's assets to inure to the benefit of the employer and failed to hold them for the exclusive purpose of providing benefits to Plan participants and their beneficiaries and defraying reasonable expenses of Plan administration in violation of ERISA § 403(c)(1), 29 U.S.C. § 1103(c)(1);

    C. failed to act solely in the interest of Plan participants and their beneficiaries and for the exclusive purpose of providing benefits to Plan participants and their beneficiaries and defraying reasonable expenses of the Plan administration, in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A);

    D. failed to discharge their duties with respect to the Plan with the requisite degree of care, skill and prudence, and diligence under the circumstances then prevailing, which prudent person acting in like capacity and familiar with such matters would use the conduct of an enterprise of like character and with like aims, in violation of § 404(a)(1)(B) of ERISA, 29 U.S.C. § 1104(a)(1)(B);

    E. failed to discharge their duties with respect to the Plan in accordance with

the documents and instruments governing the plan, insofar as such documents and instruments are consistent with ERISA, in violation of ERISA § 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D);

   F. caused the Plan to engage in transactions which they knew or should have known constituted a direct or indirect transfer to, or use by or for the benefit of, a party in interest, of assets of the Plan, in violation of ERISA § 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D);

   G. dealt with assets of the Plan in their own interest in violation of ERISA § 406(b)(1), 29 U.S.C. § 1106(b)(1); and

   H. acted on behalf of a party whose interests are adverse to the interests of the Plan or the interests of its participants and beneficiaries, in violation of ERISA § 406(b)(2), 29 U.S.C. § 1106(b)(2).

26. As a direct and proximate result of the fiduciary breaches of Defendants Shinn Trucking and Shinn, the Plan suffered injury and losses for which they are personally liable and subject to appropriate equitable relief, pursuant to ERISA § 409, 29 U.S.C. § 1109.

## COUNT III

### (Failure To Furnish An Updated Summary Plan Description)

27. Paragraphs 1 through 10 above are realleged and incorporated herein.

28. Even though there were amendments made to the Plan, Defendants Shinn Trucking and Shinn did not ensure that the Plan's participants and beneficiaries received an updated Summary Plan Description after July 1, 2009.

29. By the facts set forth in paragraphs 29 and 30 above, Defendants Shinn Trucking and Shinn failed to furnish an updated Summary Plan Description to Plan participants and beneficiaries in violation of ERISA § 102, 29 U.S.C. § 1022.

## COUNT IV

### (Failure To Furnish Summary Annual Reports)

30. Paragraphs 1 through 10 above are realleged and incorporated herein.

31. Defendants Shinn Trucking and Shinn failed to ensure participants and beneficiaries were furnished with Summary Annual Reports following plan years 2010 through 2018.

32. By the facts set forth in paragraphs 32 and 33 above, Defendant Shinn Trucking and Shinn failed to furnish Summary Annual Reports to Plan participants and beneficiaries in violation of ERISA § 104(b)(3), 29 U.S.C. § 1024(b)(3).

## PRAYER FOR RELIEF

Wherefore, the Secretary prays for judgment:

    A.    permanently enjoining Defendants Shinn Trucking and Shinn from violating the provisions of Title I of ERISA;

    B.    permanently enjoining Defendants Shinn Trucking and Shinn from serving or acting as a fiduciary or service provider to any ERISA-covered employee benefit plan and removing them from any position they now hold as a fiduciary to the Plan;

    C.    ordering Defendants Shinn Trucking and Shinn to make good to the Plan all losses, including lost opportunity costs, resulting from fiduciary breaches committed by them or for which they are liable;

   D. requiring Defendants Shinn Trucking and Shinn to disgorge all ill-gotten gains resulting from their violations of Title I of ERISA;

   E. ordering Defendants Shinn Trucking and Shinn to correct the prohibited transactions in which they engaged;

   F. ordering Defendant Shinn Trucking to provide the Plan's participants and beneficiaries an updated Summary Plan Description;

   G. ordering Defendant Shinn Trucking to provide the Plan's participants and beneficiaries updated Summary Annual Reports from Plan years 2010 through 2018;

   H. requiring the Plan to set off Defendant Shinn's individual Plan account against the amount of losses, including lost opportunity costs, resulting from the Fiduciary Defendants' breaches, as authorized by Section 1502(a) of the Taxpayer Relief Act of 1997, Pub. L. No. 105-34, § 1502(a), 111 Stat. 788, 1058-59 (1997) (codified at 29 U.S.C. § 1056(d)(4)), if the losses are not otherwise restored to the Plan by the Defendants;

   I. appointing an independent fiduciary;

   J. ordering the fiduciaries to pay the reasonable fees and expenses of the independent fiduciary;

   K. awarding the Secretary the costs of this action; and

   L. ordering such other just and proper relief.

        Kate S. O'Scannlain
        Solicitor of Labor

        Christine Z. Heri
        Regional Solicitor

        Evert H. Van Wijk
        Associate Regional Solicitor

/s/ *Usha Rengachary*
Usha Rengachary
Attorney
California No. 184511

Attorneys for Plaintiff, U.S. Secretary of Labor
Office of the Solicitor
2300 Main Street
Suite 1020
Kansas City, MO 64108
Telephone: (816) 285-7260
Fax: (816) 285-7287
E-mail: usha.rengachary@dol.gov
sol.kc.docket@dol.gov